By the Court.—Ingraham, J.
We do not think *273 that any ground was presented that would justify the court in setting aside the judgment entered in this action. The judgment follows the referee’s report; if the referee erred, the proper method of review was by appeal. The order denying the motion to set aside the judgment must therefore be affirmed with ten dollars costs, and disbursements.
The defendant also appeals from an order of the special term directing the clerk to readjust the bill of costs presented by the plaintiff, and to allow the plaintiff full costs, as though the recovery had been for fifty dollars or more.
The complaint in the action demanded judgment for a sum of money only, and the right to costs is governed by subdivision 4 of section 3228 of the Code. . It is there provided that the plaintiff is not entitled to costs, unless he recovers the sum of fifty dollars or more. In this action the report of the referee found, as a conclusion of law, that at the date of the report the defendant was indebted to the plaintiff in the sum of one dollar and sixty-six cents, with interest from the 15th day of June, 1887, and on that report judgment was entered for the plaintiff for that amount.
Under the provisions of the Code above mentioned, the plaintiff would not be entitled to costs. The fact that at the commencement of the action the plaintiff’s demand was greater than fifty dollars does not entitle plaintiff to costs. The section referred to makes the right to costs depend upon the amount of the recovery; not on the amount due at the commencement of the action, and as the provision is mandatory, neither the court nor the referee has power to give the plaintiff costs, in such an action, unless the recovery exceeds fifty dollars. The provision in the report of the referee that plaintiff should have judgment, with costs, was void, and did not authorize the court or clerk to enter judgment for costs.
Plaintiff could have insisted upon his costs as a condi *274 tion of leave to serve a supplemental answer, setting up the payments since the commencement of the action. Having failed to obtain such a provision in that order, his right to costs depended upon the amount of his recovery. Nor can the courts enforce a verbal stipulation that the payments made on account of the demand set up in the complaint should not affect the right of the plaintiff to his costs. If the stipulation was that the judgment should award the plaintiff costs, notwithstanding the recovery was less than fifty dollars, it was within the provision of Rule 11, of the General Rules of practice and could not be enforced unless in writing. If it was an agreement outside the proceeding in the action, it cannot affect the right of the plaintiff to costs in the action, as that depends upon the amount of the recovery.
Defendant not having applied for costs, no question is presented as to his right to costs as against the plaintiff.
The order appealed from must be reversed, and the clerk directed to disallow the plaintiff’s bill of costs, and to strike the same out of the judgment, limiting the amount recovered by the judgment to the amount found due by the referee, with ten dollars costs, and disbursements, to the appellant.
Sedgwick, Ch. J., and Freedman, J., concurred.